**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| RICHARD HAYTAS, DEBRA HAYTAS, JOHN DOES 1-3<br><br>　　　　　Plaintiffs,<br><br>v.<br><br>BAYONNE BOARD OF EDUCATION, CITY OF BAYONNE, AND JOHN DOES 1-5, individually<br><br>　　　　　Defendants. | Case: 2:13-cv-7676-SDW-LDW<br><br>**OPINION**<br><br><br>November 4, 2015 |

**WIGENTON**, District Judge.

Before this Court is a Motion to Dismiss filed by the City of Bayonne ("Bayonne" or "Defendant") for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure ("Rule") 12(b)(6).

Jurisdiction is proper pursuant to 28 U.S.C. § 1331.  Venue is proper pursuant to 28 U.S.C. § 1391.  This opinion is issued without oral argument pursuant to Federal Rule of Civil Procedure 78.  For the reasons stated herein, the Motion to Dismiss is **GRANTED**.

**BACKGROUND AND PROCEDURAL HISTORY**

Plaintiffs Richard and Debra Haytas ("Plaintiffs") are residents of Bayonne, New Jersey. (Compl. ¶¶ 2, 6.)  Their property was and remains located adjacent to the Horace Mann School, where Plaintiffs allege that there was property damage, drug use, and littering of drug paraphernalia.  (*Id.* ¶¶ 6-7.)  Plaintiffs claim that after they complained about these activities,

Defendant retaliated on December 19, 2011 by "wrongfully forc[ing] Plaintiffs from their home." (*Id*. ¶ 9.) Defendant asserts that Plaintiffs chose to relocate. (Def.'s Br. 15.)

As a result of these claimed injuries, Plaintiffs filed a Complaint on December 18, 2013 alleging the following causes of action against Defendant: violation of the First, Fourth, and Fourteenth Amendments under the Civil Rights Act of 1964, 42 U.S.C. § 1983; violation of the "New Jersey Law Against Conversion"; a common law claim of constructive eviction; and a common law claim for interference to contract.

On June 1, 2015, Defendant filed the present Motion to Dismiss.[1] Plaintiff responded on July 6, 2015 and Defendant replied on July 13, 2015. (Dkt. No. 30, 33-34.)

**LEGAL STANDARD**

The adequacy of pleadings is governed by Fed. R. Civ. P. 8(a)(2), which requires that a complaint allege "a short and plain statement of the claim showing that the pleader is entitled to relief." This Rule "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted); *see also Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (stating that Rule 8 "requires a 'showing' rather than a blanket assertion of an entitlement to relief").

In considering a Motion to Dismiss under Fed. R. Civ. P. 12(b)(6), the Court must "'accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff,

---

[1] Plaintiffs fail to differentiate between the named defendants as to who committed the alleged violations. The other defendant in this case, Bayonne Board of Education, filed an answer on August 14, 2014, but has not filed a motion before this Court. Nevertheless, Plaintiffs claim that the instant motion should be converted into a Motion for Judgment on the Pleadings pursuant to Rule 12(c). This claim is meritless, as the moving Defendant did not file an answer, and is thus entitled to file a motion to dismiss. Plaintiffs' additional argument that Defendant waived its right under Rule 12(h) to file a motion to dismiss because it participated in a Rule 16 conference and served Plaintiffs with discovery requests has no legal basis. Rule 12(h) applies to the waiver of defenses under 12(b)(2)-(5), not 12(b)(6), which is the relevant rule here.

and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief.'" *Phillips*, 515 F.3d at 231 (quoting *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002)). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 555). If the "well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the complaint should be dismissed for failing to "show[ ] that the pleader is entitled to relief" as required by Rule 8(a)(2). *Id.* at 1950.

According to the Supreme Court in *Twombly*, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his[/her] 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." 550 U.S. at 555 (internal citations omitted). The Third Circuit summarized the *Twombly* pleading standard as follows: "'stating . . . a claim requires a complaint with enough factual matter (taken as true) to suggest' the required element." *Phillips*, 515 F.3d at 234 (quoting *Twombly*, 550 U.S. at 556).

In *Fowler v. UPMC Shadyside*, the Third Circuit directed district courts to conduct a two-part analysis. 578 F.3d 203, 210 (3d Cir. 2009). First, the court must separate the factual elements from the legal conclusions. *Id.* The court "must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions." *Id.* at 210-11. Second, the court must determine if "the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Id.* at 211 (quoting *Iqbal,* 566 U.S. at 679). "In other words, a complaint must do

3

more than allege the plaintiff's entitlement to relief. A complaint has to 'show' such an entitlement with its facts." *Id.* (citing *Phillips,* 515 F.3d at 234-35.)

**DISCUSSION**

*The Civil Rights Act of 1964, 42 U.S.C. § 1983*

To state a civil rights claim under 42 U.S.C. § 1983 ("§ 1983"), a plaintiff must allege facts showing that a person acting under color of state law deprived the plaintiff of a right, privilege, or immunity provided by the United States Constitution or the laws of the United States. *West v. Atkins*, 487 U.S. 42 (1988). Section 1983 claims must be premised on the defendant's "personal involvement" in the alleged constitutional deprivation; "liability cannot be predicated solely on the operation of respondeat superior." *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). For a municipality to be held liable under the theory of respondeat superior, the constitutional harm alleged must be caused by a municipal policy or custom. *Monell v. Dep't of Soc. Serv. of New York*, 436 U.S. 658, 694 (1978).

Plaintiffs' § 1983 claim is essentially that Defendant violated their First, Fourth, and Fourteenth Amendment rights. (Compl. ¶¶ 20-21, 27.) In doing so, Defendant allegedly "encouraged or allowed police officers to systematically and improperly seize and destroy personal property without [a] warrant" and decided "whether to enforce the laws depending on the person requesting assistance." (*See* Compl. ¶ 31). While this claim vaguely refers to Defendant's alleged municipal custom or policy, Plaintiffs fail to show causation between the purported custom or policy and the alleged constitutional harm. Accordingly, Plaintiffs' entire § 1983 claim is subject to dismissal on this basis alone.

Even assuming that Plaintiffs sufficiently pled respondeat superior liability, Plaintiffs fail to plead a § 1983 First Amendment violation. Plaintiffs must establish that: (1) they engaged in a

4

constitutionally protected activity; (2) they were subjected to retaliatory action; (3) there was a causal link between the plaintiffs' constitutionally protected activity and the defendant's retaliatory action. *Arneault v. O'Toole*, 513 F. App'x 195, 197 (3d Cir. 2013) (citing *Thomas v. Independence Township*, 463 F.3d 285, 296 (3d Cir. 2006)). Additionally, in order to retaliate against a plaintiff for his speech, the defendant must be aware of that speech. *Ambrose v. Township of Robinson, Pa.*, 303 F.3d 488, 493 (3d Cir. 2002). Further, to establish causation, a plaintiff "must prove either (1) an unusually suggestive temporal proximity between the protected activity and the allegedly retaliatory action, or (2) a pattern of antagonism coupled with timing to establish a causal link." *Lauren W. ex rel. Jean W. v. DeFlaminis*, 480 F.3d 259, 267 (3d Cir. 2007). Here, Defendant allegedly violated Plaintiffs' First Amendment right to free speech by forcing Plaintiffs from their home in retaliation for Plaintiffs' private and public statements to third parties criticizing Defendant. (Compl. ¶ 9.) However, Plaintiffs fail to establish that Defendant was aware of those statements. But even if Defendant was aware of Plaintiffs' statements, Plaintiffs have not demonstrated temporal proximity between the statements and the alleged retaliation. Although Plaintiffs allege that Defendants retaliated for statements made prior to December 19, 2011, those statements could have been made at any time before any alleged retaliation. Therefore, Plaintiffs' First Amendment claim is dismissed.

Likewise, Plaintiffs fail to adequately plead that their equal protection and due process rights under the Fourteenth Amendment were violated. (Compl. ¶ 22). To assert a § 1983 equal protection claim, the plaintiff must allege that (1) he is a member of a protected class and (2) the government treated similarly situated individuals outside of the protected class differently. *Keenan v. City of Philadelphia,* 983 F.2d 459, 465 (3d Cir. 1992). Plaintiffs have established neither. Nor have Plaintiffs established that their Fourteenth Amendment rights were violated by the City of

Bayonne without due process of law. Plaintiffs' due process claim is a mere recitation of the elements of a cause of action devoid of any factual support. *See Bell v. Burson*, 402 U.S. 535, 542 (1971). Therefore, Plaintiffs' equal protection and due process claims are dismissed for failure to state a claim.

Furthermore, Plaintiffs have insufficiently alleged that their Fourth Amendment right against unreasonable searches and seizures was violated. (Compl. ¶ 4). The Fourth Amendment protects individuals from unreasonable intrusions into their privacy. *Katz v. United States*, 389 U.S. 347, 353 (1967). To determine whether an individual has a reasonable expectation of privacy, a plaintiff must show: (1) plaintiff exhibited an actual (subjective) expectation of privacy and (2) the expectation must be one that society is prepared to recognize as reasonable. *Id.* Because Plaintiffs fail to set forth facts to establish either of these elements, Plaintiffs' Fourth Amendment § 1983 claim is dismissed.

*Conversion Claim*

A plaintiff alleging conversion must prove "an intentional exercise of dominion or control over a chattel which so seriously interferes with the right of [a plaintiff] to control it that the [defendant] actor may justly be required to pay the other the full value of the chattel." *Restatement (Second) of Torts § 222A* (1965). Plaintiffs' mere allegation that they called the police several times to deal with the alleged disturbances is devoid of any facts in support of a claim for conversion. (*See* Compl. ¶¶ 8, 34). As such, Plaintiffs' claim is dismissed.

*Common Law Claim of Constructive Eviction*

Plaintiffs allege that they were constructively evicted from their home due to Defendant's "illegal actions." (*Id.* ¶ 32). A constructive eviction occurs when a landlord makes the premises unsuitable for occupancy, depriving the tenant of the beneficial enjoyment of the premises. *S. &*

6

*F. Realty Co. v. Monroe Loan Society*, 9 N.J. Misc. 1204, 1205 (Sup. Ct. 1931). Because Plaintiffs were owners of the property in fee simple, there is no landlord-tenant relationship that allows for a constructive eviction claim. (*See* Compl. ¶ 6.) Even if Defendant could be considered a landlord, Plaintiff's allegations relate to activity on the properties adjacent to and surrounding Plaintiffs, which belonged to third parties, not Defendant. (*See* Compl. ¶ 6.) Defendant is not liable for third parties who caused Plaintiffs to relocate. *K.G.O. Const. Co. v. King*, 12 N.J. Misc. 291, 293 (Dist. Ct. 1934). Thus, Plaintiffs' constructive eviction claim is dismissed.

*Common Law Claim for Interference to Contract*

Plaintiffs contend that Defendant interfered with their ability to contract. (Compl. ¶ 33.) They claim that Defendant's actions could potentially affect the "health, safety, welfare and comfort of plaintiff and neighbors." (*Id.*) A claim for interference to contract requires that a plaintiff prove (1) an expectation of economic advantage, (2) intentional and malicious interference, (3) such interference caused a loss of prospective gain, and (4) resulting injury. *Printing Mart-Morristown v. Sharp Electronics Corp.*, 116 N.J. 739, 751 (1989). Plaintiffs do not even set forth what type of contract was allegedly interfered with. As Plaintiffs fail to assert any of the four required allegations in order to state a contract interference claim, this claim is dismissed.

**CONCLUSION**

For the reasons set forth above, Defendant's Motion to Dismiss is **GRANTED**.

s/ Susan D. Wigenton, U.S.D.J.

Orig:        Clerk
cc:          Leda D. Wettre, U.S.M.J.
               Parties